# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

NESTOR CHAVEZ,

    Plaintiff,

v.                                              No. CIV 00-307 WJ/KBM-ACE

CITY OF ALBUQUERQUE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON MUNICIPAL LIABILITY, SUPERVISORY LIABILITY, AND FAILURE TO TRAIN CLAIMS

THIS MATTER comes before the Court pursuant to Defendant Lehocky's Motion for Partial Summary Judgment I: Dismissal of Municipal Liability (Policies, Customs, Patterns, and Practices) Claims [Docket No. 65], Defendant Lehocky's Motion for Partial Summary Judgment No. II: Dismissal of Failure to Train Claim [Docket No. 67], Defendant Lehocky's Motion for Partial Summary Judgment No. III: Dismissal of Supervisory Liability, Official Capacity and Punitive Damages Claims [Docket No. 69], Defendants City of Albuquerque and Gerald Galvin's Motion for Summary Judgment [Docket No. 96]; and Defendant Lehocky's Motion to Reconsider This Court's Order Denying Motion for Separate Trials [Docket No. 113]. After consideration of the submissions of the parties, the Court concludes that all of the motions for summary judgment shall be granted, and the motion for reconsideration shall be denied as moot.

**BACKGROUND**

Plaintiff Nestor Chavez asserts claims under 42 U.S.C. § 1983 against the City of Albuquerque, Chief Galvin and Officer Lehocky arising out of an incident that occurred on

February 16, 1998. Plaintiff alleges that, on that date, he was attacked by "Bart", a police service dog handled by Officer Lehocky, while Plaintiff was walking along the street. Plaintiff claims that Officer Lehocky ordered the dog to attack him for no reason and that Plaintiff suffered serious physical injury as a result of the attack. Plaintiff alleges that Officer Lehocky's actions constituted the use of excessive force in violation of his constitutionally protected rights. In addition to the claim against Officer Lehocky, Plaintiff asserts that the City is liable for Lehocky's actions based on a policy or practice, and based on a failure to train or adequately supervise.

Defendant Lehocky filed three separate motions for partial summary judgment on each of Plaintiff's theories of municipal liability. Defendants City of Albuquerque and Chief Galvin filed a separate motion for partial summary judgment in which they joined two of Defendant Lehocky's motions.

**LEGAL STANDARDS**

Liability against a municipality under a theory of respondeat superior is not available for claims brought pursuant to Section 1983. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691-92 (1978). A municipality can be held liable under Section 1983 only for its own unconstitutional or illegal policies, and not for the tortious acts of its employees. Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998). In order to succeed on a claim advancing municipal liability under Section 1983, Plaintiff must show the existence of a municipal custom or policy and a direct causal link between the custom or policy and the violation alleged. City of Canton v. Harris, 489 U.S. 378, 385 (1989). A municipality is liable only when the official policy is the "moving force" behind the injury alleged. Board of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).

2

When a plaintiff contends that the alleged custom or policy amounted to a failure to act, e.g., failure to train or failure to supervise, the plaintiff must also demonstrate that the municipality's inaction resulted from "deliberate indifference" to the plaintiff's rights. Harris, 489 U.S. at 389. To establish the requisite deliberate indifference, the plaintiff must show that the municipality had actual or constructive notice that its failure to act was substantially certain to result in a constitutional violation, and that the municipality consciously or deliberately chose to disregard the risk of harm. Pulsipher, 143 F.3d at 1307. This type of notice may be shown by proving the existence of a pattern of tortious conduct. Id.

With respect to supervisory liability on the part of a municipality, Plaintiff carries the additional burden of showing an affirmative link between the constitutional deprivation and either the supervisor's personal participation, the supervisor's exercise of control or direction, or his failure to supervise. Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993). Additionally, the allegation that a supervisor failed to take adequate disciplinary action against an officer after the alleged incident is insufficient to impose liability under Section 1983. Id.

**DISCUSSION**

I.      MUNICIPAL LIABILITY CLAIM (COUNT II)

Defendant Lehocky, in his official capacity, filed a motion for summary judgment on this claim [Docket No. 65]. In response to this motion, Plaintiff asserted that Defendant Lehocky lacked standing to file a motion on the issue of municipal liability. Considering that Defendant Lehocky was sued in both his personal and official capacities, and the claims against him in his official capacity are claims against the municipality, Defendant Lehocky has standing to raise the issue of municipal liability. In any event, Defendants City of Albuquerque and Gerald Galvin filed

a motion for summary judgment [Docket No. 96] in which they request summary judgment on the issue of municipal liability.

As stated above, in order to satisfy the elements of this claim, Plaintiff must demonstrate the existence of a policy of custom and a "direct causal link" between that policy or custom and the alleged violation. Plaintiff fails to raise a genuine issue of material fact with regard to either element.[1]

Defendants describe at length in their briefs the detailed policies, rules and procedures regarding the deployment of police service dogs in place at the time of the events at issue in this case. Plaintiff's response to the merits of the motions for summary judgment on the issue municipal liability is limited to the argument of counsel that the "sheer volume of litigation against Officer Lehocky alone is sufficient to create a material issue of fact as to municipal policy and practice." See Plaintiff's Response to Defendant City of Albuquerque and Gerald Galvin's Motion for Summary Judgment pg. 2 [Docket No. 100].[2]

Arguments and contentions of counsel in response to a motion for summary judgment are insufficient to raise an issue of material fact. Fritzscke v. Albuquerque Municipal School District,

---

[1]The Court notes that Plaintiff's responsive brief fails to meet the requirements of Local Rule 56.1 that a party responding to a motion for summary judgment identify with particularity the material facts presented by the moving party as undisputed that the responding party contests are disputed.

[2]Plaintiff lists eight lawsuits, in addition to this case, in which Officer Lehocky is or was named as a defendant. These include Tortolita v. City of Albuquerque, et al., USDC CIV 92-107; Waddles v. City of Albuquerque, et al., USDC CIV 92-492; Ortiz v. City of Albuquerque et al., USDC CIV 96-414; Smith v. City of Albuquerque et al., USDC CIV 01-416; Patterson-Montgomery v. City of Albuquerque et al., USDC CIV 01-444; Marquez v. City of Albuquerque et al., USDC CIV 01-445; Castillo v. City of Albuquerque et al., USDC CIV 01-626; and in the State of New Mexico Second Judicial District Court, Ramkowsky v. City of Albuquerque et al., D-202-CV-9002864.

194 F.Supp.2d 1194, 1206 (D.N.M. 2002). In response to a motion for summary judgment, the party opposing the motion must submit admissible evidence by way of affidavit, interrogatory answers, deposition testimony, admissions and/or other admissible documentation or evidence showing a material issue of fact to be resolved by the fact finder. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Plaintiff's counsel's arguments and assertions with regard to litigation involving Officer Lehocky is not sufficient to raise a material factual dispute to defeat a motion for summary judgment.

Additionally, the mere existence of the eight other lawsuits that have named Officer Lehocky as a Defendant are not sufficient to raise a material issue of disputed fact. Plaintiff apparently argues that these cases served to give notice to the municipality of Officer Lehocky's use of unconstitutionally excessive force such that a pattern or custom on the party of the municipality has been established. Of the eight cases, four of them, Castillo, Marquez, Patterson-Montgomery, and Smith, involve incidents that occurred subsequent to the incident at issue in this case. Thus, these cases could not have given the City notice of Lehocky's prior alleged use of excessive force. Three of the cases, Tortolita, Waddles and Ortiz, were dismissed without any judge or jury making any finding of liability or wrongdoing on the part of Officer Lehocky or the City. These also, then, could not have provided the City with notice of actual wrongdoing or constitutional violations. The remaining case, Ramkowsky, is the only case that could have provided any actual notice to the City of the use of excessive force by Lehocky. The Court does not have any information as to whether there was a finding of liability in Ramkowsky, but assumes if there had been Plaintiff would have made that argument. Thus, none of these cases provide notice to the City that Lehocky has been found to have used excessive force and violated a

5

person's constitutional rights.

Allegations in pending, settled, and/or dismissed lawsuits do not provide the City with notice, constructive or otherwise, that Lehocky acted unlawfully. "Imputation of constructive knowledge requires a showing that the underlying unconstitutional misconduct was so widespread or flagrant that in the proper exercise of its official responsibilities the governing body should have known of it." Thelma D. v. Board of Education, 934 F.2d 929, 933 (8th Cir. 1991) (internal quotation and citation omitted). In a similar case, the Tenth Circuit found that allegations of four prior incidents over a period of nineteen years along with other rumors did not demonstrate the requisite pattern of conduct to support imposition of liability. Jojola v. Chavez, 55 F.3d 488, 491 (10th Cir. 1995); See also Ott v. City of Mobile, 169 F.Supp.2d 1301, 1310-11 (S.D. Ala. 2001) ("Indeed, the number of complaints bears no relation to their validity . . . [plaintiff] was obligated to produce some evidence that the complaints against [defendant] had some merit . . ."). Thus, Plaintiff has failed to establish, through competent evidence, the existence of a disputed issue of material fact with regard to his claim for municipal liability on the basis of policies, customs, patterns or practices.

## II. CLAIM FOR FAILURE TO TRAIN (COUNT III)

Defendant Lehocky, in his official capacity, filed a motion for summary judgment on this claim [Docket No. 67]. In response to this motion, Plaintiff asserted that Defendant Lehocky lacked standing to file a motion on the issue of municipal liability for failure to train. Considering that Defendant Lehocky was sued in both his personal and official capacities, and the claims against him in his official capacity are claims against the municipality, Defendant Lehocky has standing to raise the issue of municipal liability for failure to train. In any event, Defendants City

of Albuquerque and Gerald Galvin filed a motion for summary judgment [Docket No. 96] in which they request summary judgment on the claim against the municipal defendants for failure to train.

Defendants briefs contain a detailed recitation of the training received by both Officer Lehocky and his police service dog and provides voluminous evidence of this training in the form of affidavits and exhibits. Plaintiff does not dispute that Defendant Lehocky received this training and, thus, the Court accepts as undisputed fact the training outlined in Defendants' briefs.

Plaintiff's response to Defendants' motions on the failure to train claim rests on two theories. First, Plaintiff's counsel argues that mere attendance and completion of training does not establish that training has been adequate. In addition to misapprehending the burden on Defendant at the summary judgment stage, Plaintiff is attempting to rest his response to Defendants' motions on the argument of counsel. Plaintiff may not rest on the arguments of counsel, but must come forward with some evidence showing a disputed issue of material fact. Fritzscke, 194 F.Supp.2d at 1206. Second, Plaintiff asserts that the "sheer volume of litigation against Officer Lehocky alone is sufficient to create a material issue of fact as to supervision and training." See Plaintiff's Response to Defendant City of Albuquerque And Gerald Galvin's Motion for Summary Judgment pg. 2 [Docket No. 100]. The Court has already explained why the allegations in other lawsuits against Defendant Lehocky do not create a material issue of fact with regard to municipal liability and will not rehash the analysis with regard to the failure to train claim. It is sufficient to note that Plaintiff has failed to meet his burden of showing a disputed issue of material fact with regard to his claim against the municipal defendants for a failure to train.

III.     CLAIM FOR FAILURE TO SUPERVISE (COUNT III)

       Defendant Lehocky, in his official capacity, filed a motion for summary judgment on this claim [Docket No. 69]. In response to this motion, Plaintiff asserted that Defendant Lehocky lacked standing to file a motion on the issue of municipal liability for failure to train. Considering that Defendant Lehocky was sued in both his personal and official capacities, and the claims against him in his official capacity are claims against the municipality, Defendant Lehocky has standing to raise the issue of municipal liability for failure to train.

       Defendant's motion for summary judgment as to the supervisory liability claim sets forth the pertinent policies in effect at all relevant times regarding the reporting and investigating of certain uses of force, and the related responsibilities of supervisors. Defendants argue that there is no evidence that shows that Officer Lehocky's supervisors either personally directed or had personal knowledge of and acquiesced in the alleged deprivation of Chavez' constitutional rights.

       Plaintiff failed to respond in any way to the merits of Defendant Lehocky's motion with regard to the issue of supervisory liability. For this reason alone, the Court would be justified in granting Defendant Lehocky's motion on the claim for supervisory liability. Plaintiff had the burden of coming forward with evidence showing a disputed issue of material fact with regard to his claim for supervisory liability. Plaintiff failed to meet this burden. Even considering the evidence and arguments Plaintiff has used to try to defeat the other motions for summary judgment in this case leads the Court to the conclusion that Defendant Lehocky, in his official capacity, is entitled to summary judgment on the claim for supervisory liability. As noted above, the unproven allegations against Officer Lehocky made in other lawsuits are insufficient to amount to the type of notice that would impose supervisory liability.

<mark>8</mark>

IV.  CLAIM FOR PUNITIVE DAMAGES AGAINST DEFENDANT LEHOCKY IN HIS OFFICIAL CAPACITY

Defendant Lehocky's Motion for Summary Judgment III [Docket No. 69] requests summary judgment on the issue of his liability, in his official capacity, for punitive damages. Plaintiff's response concedes that punitive damages may not be awarded against a municipality, that he cannot recover punitive damages against Defendant Lehocky in his official capacity, and that no claim for punitive damages against Defendant Lehocky in his official capacity was intended in this litigation. Therefore, Defendant Lehocky, in his official capacity only, is entitled to summary judgment on the issue of punitive damages.

V.  MOTION FOR RECONSIDERATION

This Court, by order filed April 18, 2002 [Docket No. 110], denied Defendant Lehocky's Motion for Separate Trials [Docket No. 63]. Defendant subsequently filed a Motion for Reconsideration of that order [Docket No. 113]. Defendant's original motion for separate trials requested that Plaintiff's claims against Defendant Lehocky in his individual capacity be bifurcated from the municipal liability claims. Because this Court, by the present Memorandum Opinion and Order, grants judgment in favor of the municipal defendants on all of the municipal liability claims, there are no municipal liability claims to bifurcate from the claims against Defendant Lehocky in his individual capacity. Defendant's Motion for Reconsideration is therefore moot.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Lehocky's Motion for Partial Summary Judgment I: Dismissal of Municipal Liability (Policies, Customs, Patterns, and Practices) Claims [Docket No. 65] is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant Lehocky's Motion for Partial Summary Judgment No. II: Dismissal of Failure to Train Claim [Docket No. 67] is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant Lehocky's Motion for Partial Summary Judgment No. III: Dismissal of Supervisory Liability, Official Capacity and Punitive Damages Claims [Docket No. 69] is hereby GRANTED.

IT IS FURTHER ORDERED that Defendants City of Albuquerque and Gerald Galvin's Motion for Summary Judgment [Docket No. 96] is hereby GRANTED.

IT IS FINALLY ORDERED that Defendant Lehocky's Motion to Reconsider This Court's Order Denying Motion for Separate Trials [Docket No. 113] is hereby DENIED AS MOOT.

_____
UNITED STATES DISTRICT JUDGE