**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

NESTOR CHAVEZ,

Plaintiff,

v. No. CIV 00-307 WJ/KBM-ACE

CITY OF ALBUQUERQUE, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING JUDGMENT AS A MATTER OF LAW**

THIS MATTER comes before the Court upon Defendant's Motion for Judgment as a Matter of Law, filed June 4, 2003 **(Doc. 164)**. Defendant seeks dismissal of Plaintiff's case as a sanction for Plaintiff's admitted perjurious deposition testimony prior to trial, and also seeks sanctions against Plaintiff's counsel. In the alternative, Defendant requests dismissal based on qualified immunity. Having considered the pleadings and other materials submitted by the parties, as well as the applicable law, I find that Defendant's motion is well-taken in part and will be granted in part.

**Background**

Plaintiff alleged that Officer Lehocky violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure by using excessive force in apprehending him with a police service dog. Prior to trial, Plaintiff maintained that he was not the suspect police were chasing through city streets on the night/day of the incident. Plaintiff's story was that he was innocently walking to a friend's house along Gibson Boulevard when Defendant Lehocky's police

car screeched to a stop near him, and that he was suddenly attacked by a police service dog. Plaintiff alleged that Defendant did not call the dog off, but rather encouraged the dog to continue the attack.

Prior to trial during the discovery phase, Plaintiff consistently denied, in deposition testimony and interrogatory answers (both of which were given under oath), having done anything which would have given police cause to pursue him. Under oath, he testified that he was not the suspect police had encountered in the park at 3:00 a.m. that morning; denied that he had driven through a chain link fence onto a golf course; denied that he broke into a sleeping female victim's apartment in the southeast section of the city and denied running from the police before Officer Lehocky saw him. Plaintiff maintained this position throughout the entire discovery and pre-trial stage of litigation. During Plaintiff's cross-examination at the trial, he testified for the first time under oath that he *was* the suspect police were pursuing that day, and admitted that he had lied in his deposition and in his discovery responses. Additionally, Plaintiff admitted during cross examination that he pled guilty in state court to the felony charges arising out of his crime spree on the night in question.

Following a five-day trial, and after the Court gave the jury an Allen charge, the jury returned its verdict in favor of Chavez against Defendant Lehocky, and awarded $1.00 in nominal damages in favor of Plaintiff.

I agree with Defendant that severe sanctions are warranted for Plaintiff's conduct in perpetuating false testimony under oath for the many months prior to trial. The issue before the Court is a determination of whether judgment as a matter of law ("JMOL") is the appropriate sanction.

**Discussion**

Federal courts are vested with inherent powers "necessary to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-631 (1962). Of particular relevance here is the Court's inherent power "to vacate its own judgment upon proof that a fraud has been perpetrated upon the court." Chambers v. NASCO, 501 U.S. 32, 44 (1991).

***Appropriateness of Dismissal as Sanction***

Dismissal is a drastic sanction reserved for cases involving willful misconduct. Ehrenhaus v. Reynolds, et al, 965 F.2d 916, 921 (10th Cir. 1992); Meade v. Grubbs, 841 F.2d 1512, 1520 n.7. (10th Cir. 1988) (citations omitted). Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party; and (5) the efficacy of lesser sanctions. Ehrenhaus, 965 F.2d at 921. Given the willfulness of the sanctionable conduct and the severity of consequences to Defendant, and in light of the Ehrenhaus factors I must consider, I find that JMOL should be granted in this case for reasons given below.

Degree of Prejudice to Defendant

Discovery is designed in part to make trial less a "game of 'blindman's bluff' and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." Hickman v. Taylor, 329 U.S. 495, 507 (1947) (citation omitted). Chavez' numerous false statements and false responses repeated throughout a long discovery process (almost three years) prevented Defendant Lehocky from effectively questioning Plaintiff during his deposition about the events which

actually took place and from uncovering information which bore on material facts. Had such information become available, Defendant could have filed a motion for summary judgment based on qualified immunity which would likely have been successful, and thereby not had to endure the expense or inconvenience of a trial.[1] Plaintiff's "use of force" expert, Tom Gillespie, may well have had a different opinion had he known the truth about Plaintiff's activities leading up to the encounter between Plaintiff and Officer Lehocky's police service dog. The late disclosure of the perjurious conduct also prevented Defendant from adequately preparing a possibly more effective cross-examination.

Plaintiff contends that the untruthful statements did not prejudice Defendant because the exposure of Plaintiff's perjury on the stand worked to Defendant's benefit, allowing Defendant to impeach Chavez extensively. I find Plaintiff's position somewhat cavalier, since it is difficult to ignore the strong possibility that Plaintiff's disclosure during his trial testimony of his perjury compromised Defendant's ability to more effectively confront Plaintiff with his conduct, thereby compromising the jury's consideration of the issue of liability.[2] Further, even with an award of

---

[1] The Court recognizes that had the true facts, untainted by Plaintiff's perjury, been available to Defendants at an earlier time, it is likely that Defendants would have been entitled to qualified immunity. Defendants assert that the reason they did not file a summary judgment motion based on qualified immunity was due to the existence of material disputed facts, many of which have now become undisputed. Instead, a jury verdict now precludes going back in time to consider a qualified immunity defense in a case which probably never should have proceeded to trial.

[2] The jury required an Allen charge in order to reach a verdict. See docket entry of May 27, 2003 at 10. Thus, different expert testimony and cross-examination may well have swayed an undecided jury to reach a different verdict. See United States v. Robinson, 560 F.2d 507, 517 (2d Cir.1977) (in banc) (noting that the propriety of an Allen-type charge depends on whether it "tends to coerce *undecided* jurors into reaching a verdict by abandoning without reason conscientiously held doubts.") (emphasis added).

only $1.00 in nominal damages, the present verdict makes Defendant liable for the taxing of costs and any attorney fees the Court might award.

Amount of Interference with Judicial Process

Having found that Defendant was prejudiced by Plaintiff's perjury, I also find that Plaintiff's conduct constituted willful deceit and made a mockery of the judicial process. Chambers, 501 U.S. at 44 ( tampering with the administration of justice is a "wrong against the institutions set up to protect and safeguard the public") (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944); ABF Freight Sys., Inc. v. N.L.R.B., 510 U.S. 317, 326 (1994) ("the gravest consequence of lying under oath is the affront to the law itself"). The United States District Court for the District of New Mexico, already burdened with a chronic overload of southwest border cases, cannot afford such an abuse of time and resources. See Court's Ex. A ("2001 Federal Court Management Statistics, published by the Office of Human Resources, Statistics Division, Administrative Office of the United States Courts").

Culpability of Plaintiff

Plaintiff does not deny having lied in his depositions and discovery responses. The culpability of his conduct was compounded by his failure to correct the falsities by supplementation anywhere during the discovery stage, underlining the willfulness of his perjury. The reasons Plaintiff gave for his conduct were either pure manipulation of his case, self-interest or vengefulness: "I was in -- in-- in cuffs and shackles, and the guard was -- the guards were there, and I really didn't like you at the time. I thought you were against -- I felt that you were against me. I mean, you were trying to contradict everything I said. . . ." (Deft's Mot., Ex. E, at 413) *and* "I didn't know if it was going to cause me more problems or what the whole situation. . . ." (Ex. E, at 407-08).

The Court also finds it hard to accept Plaintiff's contention that unfamiliarity with the of a lawsuit[3] -- even if true -- somehow ameliorates the culpability of a plaintiff who follows a course of perjury throughout the entire discovery stage of a case. Plaintiff Chavez may not be familiar with civil litigation, but he is certainly no stranger to the courtroom considering his numerous felony convictions in state court criminal proceedings. See Doc. 159.[4]

Warning to Party

The Ehrenhaus factors envision that a court warns a party before imposing a sanction of dismissal. However, in this case, warning Chavez during the litigation of his case that lying might result in dismissal of his case would have been impractical, since the perjury did not come to light until Plaintiff was cross-examined during the trial. It also seems gratuitous to warn a party about serious possible consequences for propounding a continual series of lies about relevant facts during litigation of the case, unlike other forms of sanctionable conduct. Webb v. Texas, 409 U.S. 95, 98 (1972) ("Once a witness swears to give truthful answers, there is no requirement to warn him not to commit perjury or, conversely to direct him to tell the truth. It would render the

---

[3] See Deft's Mot., Ex. E at 413 ("I really didn't understand the whole procedure to tell you the truth . . . .").

[4] The list of admitted trial exhibits included evidence of Plaintiff's previous felony convictions. Exhibit G is a certified copy of a Judgment for Nestor Chavez in CR 94-2723, filed on January 27, 1995; Exhibit H is a certified copy of a Judgment for Nestor Chavez in VA [Valencia County] 98-115 CR, filed on November 25, 1998; Exhibit I is a copy of a Judgment for Nestor Chavez for CR 96-3193, 98-682, and 98-3468, filed on December 17, 1998. Exhibit Z is a certified copy of an arrest warrant for one count of Murder, one count of Robbery and one count of Tampering with Evidence, filed April 11, 2003.

The Court takes judicial notice of the newspaper account which states that Chavez recently pled no contest to conspiracy to commit second-degree murder, aggravated battery and tampering with evidence. Chavez is also facing charges for an unrelated murder that occurred five years ago in a Rio Communities apartment. Albuquerque Journal, Saturday, August 16, 2003, sec. E at 1.

sanctity of the oath quite meaningless to require admonition to adhere to it") (internal quotations omitted).

The Ehrenhaus factors do not constitute a rigid test. 965 F.2d at 921; see Bud Brooks Trucking v. Bill Hodges Trucking, 909 F.2d 1437, 1439 (10th Cir.1990). In conducting an analysis of all the factors, some will take on more importance than others. 965 F.2d at 922. Further, I do not read Ehrenhaus to mean that prior warning about possible dismissal is a strict requirement. Archibeque v. Atchison, Topeka and Santa Fe Railway, 70 F.3d 1172, 1175 (10th Cir. 1995) (fact that Appellant was not warned of the imminent dismissal did not undermine the court's consideration of the remaining Ehrenhaus factors); FDIC v. Daily, 973 F.2d 1525, 1532 (10th Cir. 1992) (district court's failure to warn plaintiff of the possibility of sanctions was of no consequence). Here the lack of warning prior to dismissal carries little weight, given all the circumstances and the balancing of the other factors.

Efficacy of Lesser Sanctions

The Court's purpose in dismissing Plaintiff's case is both to punish Plaintiff and to act as a deterrent to litigants from engaging in future discovery abuses. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent); Sandoval et al v. Martinez et al., 109 N.M. 5, 10 (Ct.App. 1989) (Hartz, J.) (purpose of dismissal in case where plaintiff lied in answers to interrogatories was "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such

conduct in the absence of such a deterrent").[5] It is not lost on the Court that a sanction of dismissal would also disabuse other inmates who might get similar notions to exploit the judicial system in the same way. Levying monetary sanctions on Plaintiff is useless. As Defendant notes, Chavez' particular situation as an incarcerated felon awaiting trial on murder charges renders him virtually judgment proof.[6]

Granting Defendant a new trial would only expose Lehocky to another round of expense and inconvenience and I agree with Defendant that a new trial is not the appropriate remedy. However, should my Order dismissing this case be reversed on possible appeal, I find that Defendant would be entitled to a new trial, thereby allowing Defendant an opportunity to conduct a prepared cross-examination of Plaintiff and expert witnesses instead of being sand-bagged with Plaintiff's decision to start telling the truth in the middle of cross-examination. Dismissal of Plaintiff's case is appropriate for Plaintiff's perjurious conduct which Plaintiff carried out for nearly all of this litigation. Cmp., e.g., Hovey v. Elliott, 167 U.S. 409, 413-14 (court may not strike answer and enter default to punish a contempt of court unrelated to merits of case), cited in Televideo Systems, Inc. et al v. Heidenthal et al., 826 F.2d 915 (9th Cir. 1987). Plaintiff urges the Court not to consider him as culpable based on the jury's decision not to award Chavez compensatory damages. The fact that Plaintiff may have gained nothing as a result of his perjury does not mean that he should not be sanctioned for his conduct, particularly where analysis of the

---

[5] It is hoped that the level of persuasiveness for this New Mexico Court of Appeals opinion is increased by the fact that its author now sits on the Tenth Circuit Court of Appeals.

[6] During the trial in this case, every day a security detail consisting of at least two armed Albuquerque police officers transported Plaintiff from the Valencia County Detention Center to the U.S. Courthouse in Albuquerque and back because Plaintiff was incarcerated awaiting trial in state court on charges relating to the alleged murder of a Valencia County Sheriff's Deputy. See Amended Writ of Habeas Corpus ad Testificandum, entered on the docket April 15, 2003.

other Ehrenhaus factors calls for the imposition of severe consequences.

Because money sanctions against Plaintiff would be pointless, sanctions less harsh than dismissal leave Plaintiff with nothing to lose by lying throughout his lawsuit. Despite the fact that Plaintiff was not rewarded financially, the Court finds even a Pyrrhic victory offensive to notions of equity. The "unclean hands" doctrine "closes the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief. . . ." Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 814 (1945) (denying relief because of perjury); ABF Freight System, Inc. v. Nat'l Labor Relations Board, 510 U.S. 317, 330 (1994) (noting that perjury should be severely sanctioned in appropriate cases, and regretting that Board did not choose to withhold awarding reinstatement and back pay to lying employee, when it had discretion to do so); United States v. Mandujano, 425 U.S. 564, 576-577 (1976) (noting that "[f]alse testimony in a formal proceeding is intolerable" and that such a "flagrant affront to the truth-seeking function of adversary proceedings must neither be rewarded nor condoned"); Televideo Systems, Inc. et al v. Heidenthal et al., 826 F.2d 915 (9th Cir. 1987) (perjury during depositions and false pleadings warranted court striking answer and entering default judgment against defendant).

Accordingly, having considered Defendant's request for JMOL in light of the Ehrenhaus factors, I find that Plaintiff's perjurious conduct warrants dismissal.

***Sanctions against Plaintiff's Counsel***

Defendant also seeks sanctions under 28 U.S.C. § 1927 against Plaintiff's counsel, Mr. Dennis Montoya, for complicity in his client's acts of perjury. Sanctions under § 1927 are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Braley v. Campbell, 832 F.2d 1504, 1512 (10th

Cir.1987). Defendant bases the assertion of complicity on the fact that Mr. Montoya "did not express any surprise that Chavez had materially changed his testimony" and that he participated in the deception as a "trial tactic." Mot. at 23. While I question how Mr. Montoya would not have known of Plaintiff's perjurious deposition testimony and interrogatory answers, I do not find that the portions of the trial transcript provided by Defendant support the contention that Plaintiff's counsel was guilty of suborning perjury. None of counsel's statements at trial implied that he either knew about Chavez' perjury or that he acknowledged the perjury as a trial strategy. The fact that Mr. Montoya did not did not lose composure when his client did a damaging "about-face" in his testimony does not necessarily mean he knew or planned that it would happen. Moreover, even though Chavez was convicted on charges related to his conduct on the day of the incident giving rise to his lawsuit (breaking and entering; resisting, evading or obstructing an officer), Chavez pled no contest to the charges.

Defendant asserts that Mr. Montoya failed in his duties under the Rules of Professional Conduct. Under Rule 16-303(C), a lawyer may refuse to offer evidence that the lawyer "reasonably believes" is false. Chavez' no contest plea did not provide sufficient certainty for Mr. Montoya to reasonably believe the his client was perjuring himself. Given the lack of evidence to show that Mr. Montoya knew of his client's perjury, I do not find his conduct to manifest either intentional or reckless disregard of his duties, as required for the imposition of sanctions under § 1927. If Mr. Montoya had a nagging suspicion that Chavez's allegations were a sham, he will be sufficiently penalized as a result of the dismissal of Plaintiff's case, since he will not be awarded costs and will not be entitled to any attorney fees the Court might have been inclined to grant.[7]

[7] Plaintiff filed a motion to tax costs for the amount of $11,114.17 on May 5, 2003 (Doc. 160). No motion for fees was filed at the time this Memorandum Opinion and Order was issued.

Furthermore, if Defendant believes Mr. Montoya is guilty of violating the Rules of Professional Conduct, Defendant has the option of reporting Mr. Montoya's conduct to the Disciplinary Board of the State Bar of New Mexico.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Judgment as a Matter of Law **(Doc. 164)** is hereby GRANTED IN PART in that (1) Defendant's request for Judgment as a Matter of Law is GRANTED, and Plaintiff's case is hereby DISMISSED WITH PREJUDICE; and (2) Defendant's request for sanctions under 28 U.S.C. § 1927 against Plaintiff's counsel is hereby DENIED;

**IT IS FURTHER ORDERED** that in the event this dismissal is appealed and the Court's Order of Dismissal is reversed, Defendant shall be entitled to a new trial.

UNITED STATES DISTRICT JUDGE